# William Wood and Mary E. Everman, Executors, v. D. J. Stewart.

1. ADMINISTRATION ACT—*sections 7 and 8 construed together.* Sections 7 and 8 of the Administration Act are in *pari materia* and therefore should be construed together.

2. EXECUTORS—*when court of probate may require security of.* Where a testator by his will directs that his executors shall not be obliged to give security, the court of probate should not require such executors, upon application for leave to sell real estate to pay debts, to give security, unless it shall see from its own knowledge or from the suggestion of creditors or legatees (beneficiaries) that fraud may be practiced or that the personal estate will not be sufficient to discharge the debts.

3. EXECUTORS—*what does not confer jurisdiction upon court of probate to require security of.* A petition by one neither a legatee (beneficiary) nor a creditor will not confer jurisdiction upon the court of probate to require executors to give security where the will has waived the same.

4. STATUTE—*rule of construing, that affirmative implies the negative.* When a statute is in the affirmative that a thing shall be done by certain persons or in a certain manner, the affirmative directions imply a negative that it shall not be done by other persons or in another manner.

Contest in court of probate. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1904. Reversed and remanded. Opinion filed April 20, 1905.

PARTRIDGE & PARTRIDGE, for appellants.

JOHN E. POLLOCK and J. M. WEAKLY, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

Appellee filed his petition in the County Court of McLean County, averring that Rufus Wood died testate, November 10, 1903; that by his last will and testament and codicil thereto, the said Rufus Wood devised and bequeathed to appellants, his executors, all his property, consisting in part of 166 acres of land in McLean county, worth $15,000, in trust, with power to sell and divide the net pro-

Wood v. Stewart..

ceeds equally between his five children, Mary E. Everman, William A. Wood, Sarah F. Bryan, Amanda C. Whitman and Elton M. Wood; that by his will, said testator waived the giving of any security by said executors; that said executors intend soon to sell and convey said real estate; that appellee is a judgment creditor of Elton M. Wood, one of the legatees under said will of Rufus Wood, in the sum of $1,523 and that if said executors are allowed to sell said real estate without giving bond with security, to cover the proceeds of said sale, there is danger that appellee's judgment may not be paid, or that appellee would be put to great trouble and expense to collect it. The petition prays that an order may be entered requiring appellants to give a good and sufficient bond with sureties, to secure the proceeds of the sale of said real estate. The County Court granted the prayer of the petition and ordered appellants, before proceeding to sell said real estate, to enter into bond with good and sufficient security in the sum of $30,000 to secure the proceeds of said sale. Appellants perfected an appeal to the Circuit Court, where they interposed a general and special demurrer to the petition, which was overruled and a like order there entered. This appeal followed.

The grounds of demurrer, are; first, that appellee has not in and by said petition shown that he is either a creditor or a legatee of said testator, and second, that he has not shown that he suspects the executors of fraud, or that the personal estate belonging to said testator will not be sufficient to discharge all the debts against his estate.

Sections 7 and 8 of the Administration Act, are as follows :

" Sec. 7. All executors, hereafter appointed, unless the testator shall otherwise direct in the will, and all administrators with the will annexed, shall before entering upon their duties, enter into bond with good and sufficient security, to be approved by the county court, and in counties having a probate court, by the probate court, in a sum double the value of the personal estate, and payable to the People of the State of Illinois, for the use of the parties interested, in the following form, to-wit : * * * Which

said bond shall be signed and sealed by the said executor (or administrator) and his securities, and filed in the office of the clerk of the county court, or office of the clerk of the probate court in counties having a probate court, and spread upon the records; and when it becomes necessary to sell the real estate of any intestate, for the payment of debts against his estate under the provisions of this act, or in case real estate is to be sold under the provisions of a will, the court shall require the executor (or administrator) to give further and additional bond, with good and sufficient security to be approved by the court, in a sum double the value of the real estate of the decedent sought to be sold, and payable to the People of the State of Illinois, for the use of the parties interested, in the form above prescribed.

"Sec. 8. When any testator leaves visible estate more than sufficient to pay his debts, and by will shall direct that his executors shall not be obliged to give security, in that case no security shall be required, unless the county court shall see cause, from its own knowledge or the suggestions of creditors and legatees, to suspect the executors of fraud, or that the personal estate will not be sufficient to discharge all the debts, in which case such court may require security, and the same shall be given before or after letters testamentary are granted, notwithstanding any direction to the contrary in the will."

These sections of the statute are in *pari materia*, and are to be construed together.

Where the testator, by his will, directs that his executors shall not be obliged to give security, the sections quoted, construed together, do not authorize the County or Probate Court to require such executors to give security, unless the court shall see cause, from its own knowledge, or the suggestions of creditors or legatees, to suspect the executors of fraud, or that the personal estate will not be sufficient to discharge all the debts.

It is a familiar rule applicable to and controlling in, the construction of statutes, that when the law is in the affirmative that a thing shall be done by certain persons or in a certain manner, the affirmative direction contains a negative that it shall not be done by other persons or in another manner, under the maxim *expressio unius est exclusio alterius*.

The ruling of the court requiring appellants to give security, was not made upon its own motion for cause apparent to it, and the propriety of a ruling so made, is not before us for review. By express provisions of the statute, suggestions as to the necessity or propriety of executors in such cases, giving security, may only be made to the court by creditors and legatees. Appellee is neither a creditor nor a legatee of the testator, and any suggestion from him by petition, could not set the court in motion or give it jurisdiction to enter an order requiring appellants to give security.

The judgment is reversed and the cause remanded with directions to the Circuit Court to sustain the demurrer.

*Reversed and remanded with directions.*